# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-4273SI

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| Antonio Cardosa-Rodriguez, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: January 12, 2001
Filed: February 13, 2001

———————

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

———————

RICHARD S. ARNOLD, Circuit Judge.

Antonio Cardosa-Rodriguez appeals the sentence imposed on him by the District Court[1] following his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326. Cardosa-Rodriguez moved below for downward departure, arguing that his deportable-alien status would render him ineligible for certain Bureau of Prisons benefits, such as assignment to a minimum-security prison, assignment to a community corrections center or home confinement to serve the final 10% of his sentence, or a sentence

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

reduction of up to one year for completion of a drug-treatment program. Cardosa-Rodriguez argued that denial of these benefits would subject him to harsher prison conditions than other prisoners. The District Court denied the motion "as a matter of law," concluding that deportable-alien status cannot be a valid basis for departure under U.S.S.G. § 2L1.2, because the defendant's alien status is an element of the crime and thus cannot be a factor the Sentencing Commission did not consider which would take the case outside the heartland of cases under that section. On appeal, Cardosa-Rodriguez asserts, and the government does not dispute, that the District Court believed it lacked authority to depart. Cardosa-Rodriguez argues that the Commission did not consider all "deportation-related consequences" deportable aliens suffer under section 2L1.2, as evidenced by this circuit's upholding of departures from deportable aliens who voluntarily consent to leave the country without contesting deportation.

A sentencing court has discretion to depart from the applicable Guidelines range when a case involves an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Although section 2L1.2 does not specifically mention adverse penal consequences that illegal aliens sentenced under that section may face, we conclude the Commission clearly considered deportable-alien status when formulating section 2L1.2. See United States v. Gonzalez-Portillo, 121 F.3d 1122, 1124-25 (7th Cir. 1997) (claim that deportable-alien status would lead to harsher conditions of confinement was inappropriate basis for downward departure; because deportable-alien status is inherent element of crimes to which § 2L1.2 applies, Commission clearly took this factor into consideration in formulating Guideline and establishing offense levels), cert. denied, 522 U.S. 1061 (1998); United States v. Ebolum, 72 F.3d 35, 38 (6th Cir. 1995) (same). Because only those defendants who have previously "been denied admission, excluded, deported, or removed" from the United States can be guilty of violating section 1326, we conclude that a defendant's alien status, without more, cannot take his case outside the heartland of cases

section 2L1.2.[2]   See <u>Koon v. United States</u>, 518 U.S. 81, 96 (1996) (if factor is unmentioned in Guidelines, District Court must decide whether factor is sufficient to take case "out of the Guideline's heartland"); <u>United States v. Martinez-Ramos</u>, 184 F.3d 1055, 1058-59 (9th Cir. 1999) (because defendants cannot be guilty of violating § 1326 unless they previously have been denied admission, excluded, deported, or removed from the United States, all defendants found guilty of violating § 1326 are subject to same sentencing constraint).

We reject Cardosa-Rodriguez's argument that this circuit's upholding of departures for voluntary consent to deportation indicates the Sentencing Commission did not take deportable-alien status into account.  Departures on the basis of consent to deportation are distinguishable because defendants can choose whether to consent, and because consent saves the government time and expense.  See <u>United States v. Hernandez-Reyes</u>, 114 F.3d 800, 803 (8th Cir. 1997) (district courts have authority to depart downward in illegal-reentry cases for defendant's consent to administrative deportation).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We express no opinion whether a District Court has authority to depart on this basis for defendants sentenced under other Guidelines sections.