# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2272

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Jose Yanez-Dominguez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 15, 2001
Filed: May 30, 2001

_____

Before BOWMAN, Circuit Judge, BOGUE,[1] and MAGNUSON,[2] District Judges.[3]

_____

PER CURIAM.

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a judicial emergency necessitating the designation of a panel consisting of fewer than two members of the Court of Appeals.

Jose Yanez-Dominguez appeals from a sentence based upon his conviction for illegally reentering the United States following earlier deportation for a felony conviction, 8 U.S.C. § 1326(b) (1994 & Supp. IV 1998).

At sentencing, the District Court[4] denied, as a matter of law, Yanez-Dominguez's motion for a downward departure on his claim that his status as a deportable alien would result in adverse treatment while he was in the custody of the Bureau of Prisons. Yanez-Dominguez argues that the District Court erred in concluding it lacked authority to depart from the applicable sentencing guidelines range on this ground. We disagree. The District Court was correct in ruling that the defendant's status as a deportable alien was in fact considered by the Sentencing Commission, is an integral part of the guideline prescribed for the defendant's crime, and therefore, as a matter of law, cannot be considered a basis for departure. United States v. Cardosa-Rodriguez, 241 F.3d 613, 614 (8th Cir. 2001).

Yanez-Dominguez also argues that the District Court should have granted a downward departure based on his cultural assimilation and also based on application note 5 to U.S. Sentencing Guideline § 2L1.2(b)(1)(a). Inasmuch as the District Court rejected these other grounds for departure in an exercise of its discretion, the court's decision is unreviewable. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998).

Yanez-Dominguez further argues that his prior felony conviction is an element of his present offense of conviction under 8 U.S.C. § 1326(b) and is not merely a sentence enhancement. His brief candidly acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which was not overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000), as well as by our

_____

[4]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Circuit's post-<u>Apprendi</u> decision in <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 932 n.4 (8th Cir.), <u>cert. denied</u>, 121 S. Ct. 600 ( 2000).  The brief also forthrightly states that he simply "has raised this issue in an adversarial fashion so as to preserve his claim for further review."  We are, of course, bound by both <u>Almendarez-Torres</u> and <u>Aguayo-Delgado</u>, and we necessarily reject his pro forma argument that his sentence should be vacated and the case remanded for resentencing.

The sentence imposed by the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.