# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2423

_____

United States of America,          *
                                   *
                 Appellee,         *     Appeal from the United States
                                   *     District Court for the
        v.                         *     Southern District of Iowa.
                                   *
Javier Duenas-Moreno,              *          [UNPUBLISHED]
                                   *
                 Appellant.        *

_____

Submitted: May 15, 2001
    Filed: May 30, 2001

_____

Before BOWMAN, Circuit Judge, BOGUE,[1] and MAGNUSON,[2] District Judges.[3]

_____

PER CURIAM.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a judicial emergency necessitating the designation of a panel consisting of fewer than two members of the Court of Appeals.

Javier Duenas-Moreno pleaded guilty to illegal reentry into the United States following his previous arrest and deportation as an illegal alien, 8 U.S.C. § 1326 (1994 & Supp. IV 1998), and to possessing a firearm after conviction for a felony and while being an illegal alien, 18 U.S.C. § 922(g)(1), (g)(5) (1994 & Supp. IV 1998). At sentencing, he sought a downward departure from the applicable guideline range on the ground that because of his status as a deportable alien he would suffer adverse consequences while in the custody of the Bureau of Prisons. The District Court[4] denied a downward departure, concluding as a matter of law that it lacked authority to depart on this ground. Duenas-Moreno appeals, arguing that the District Court erred in denying his motion for a downward departure. He argues that the substantial penal burdens imposed on him as a result of his alienage were not contemplated under the sentencing guidelines. We reject this argument. The circumstance Duenas-Moreno asserts to justify a downward departure, i.e., his status as a criminally deportable alien, was in fact considered by the Sentencing Commission as a predicate defining element for the applicable guideline, U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 (2000), and applies to everyone in the same status as the defendant. Thus his status as a deportable alien cannot, as a matter of law, be considered a basis for departure. United States v. Cardosa-Rodriguez, 241 F.3d 613, 614 (8th Cir. 2001). Moreover, Duenas-Moreno is unable to show that he is burdened by adverse penal consequences different from those imposed upon other deportable aliens sentenced under the same guideline.

The sentence imposed by the District Court is affirmed.

---

[4]The Honorable Robert Pratt, United States District Judge for the Southern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.