# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2804

_____

United States of America,    *
              *
    Appellee,     *
              *  Appeal from the United States
  v.          *  District Court for the
              *  Northern District of Iowa.
Luis Manuel Garcia-Moreno,  *
              *   [UNPUBLISHED]
    Appellant.    *

_____

Submitted: July 6, 2001
Filed: July 26, 2001

_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Luis Manuel Garcia-Moreno pleaded guilty to a one-count indictment charging him with being found in the United States after deportation, see 8 U.S.C. § 1326 (1994 & Supp. IV 1998). At sentencing, Garcia-Moreno moved for a downward departure based on the effect of his deportable-alien status on the conditions of his incarceration. The District Court[1] denied the motion and sentenced Garcia-Moreno to forty-three months' imprisonment and three years of supervised release. On appeal, counsel has

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

filed a brief and moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing only that the District Court erred in refusing to depart. Garcia-Moreno has not filed a pro se supplemental brief.

We do not have authority to review a district court's discretionary decision to deny a departure. <u>See</u> <u>United States v. Correa</u>, 167 F.3d 414, 417 (8th Cir. 1999). Moreover, a district court lacks authority to depart downward based on a defendant's deportable-alien status. <u>United States v. Cardosa-Rodriguez</u>, 241 F.3d 613, 614 (8th Cir. 2001) (holding that defendant's alien status is an element of the crime defined by § 1326 and thus cannot be a factor not adequately considered by the Sentencing Commission in formulating the applicable sentencing guideline, U.S.S.G. § 2L1.2 (2000)). Accordingly, the District Court as a matter of law had no discretion to exercise in denying the downward-departure motion.

Following our independent review, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.