# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2524

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Harold Tobacco, | * |
| | * |
| Defendant-Appellant. | * |

_____

Submitted: October 10, 2005
Filed: November 16, 2005

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Harold Tobacco appeals his jury conviction by challenging the district court's[1] jury instructions. He also challenges the district court's refusal to grant a downward departure in sentencing. We affirm.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

I

On September 2, 2004, defendant went to his aunt's house and spent the evening with a group of people including his brother, cousin, niece, and her boyfriend. They became intoxicated; Tobacco and his brother had an altercation with his niece's boyfriend. Tobacco's cousin, niece, and her boyfriend left and started walking away along the road. After some time, Tobacco came speeding towards them in a car. His cousin pushed or nudged his niece into her boyfriend and those two fell into a ditch. Tobacco hit his cousin with the car and seriously injured her. Officers later apprehended Tobacco, who admitted he intended to hit his niece's boyfriend but mistakenly struck his cousin.

Tobacco was charged with assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) and assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). A jury convicted him on both counts and the judge sentenced him to forty-six months on each to run concurrently.

II

A

Tobacco challenges his conviction by arguing the jury instructions were misleading and contradictory. The government replies Tobacco failed to preserve this claim of error. "In order to preserve the issue of whether a particular jury instruction should or should not have been issued, an attorney must make a timely objection, explaining the grounds upon which the instruction should or should not issue." United States v. Kirkie, 261 F.3d 761, 770 (8th Cir. 2001). Tobacco asserts the issue is preserved simply because he submitted a proposed jury instruction which the district court did not include in its proposed jury instructions prior to trial. This assertion is without merit. After the district court published its proposed instructions,

it requested any objections to the instructions be made in writing. When none were made, it submitted the instructions to the jury and neither party made further comment regarding the instructions at trial. Defendant failed to preserve his claim. We therefore review for plain error. See United States v. McNeil, 184 F.3d 770, 777 (8th Cir. 1999) (citation omitted).

Under plain error review, defendant argues the court erroneously gave contradictory instructions to the jury, which misled and confused the jurors. Tobacco argues Instruction 10 conflicted with Instruction 15. He claims they are contradictory as to whether the defendant must intend to harm specifically the victim or simply any person.

Instruction 10 stated, as one of the elements of the crime: "That the defendant intended to do bodily harm." It tracks 18 U.S.C. § 113(a)(3), which reads in part: "assault with a dangerous weapon, with intent to do bodily harm." Instruction 15 stated: "the government must prove that the defendant had the intent to do bodily harm to a person."

Instruction 10 does not require defendant have intent to harm the victim specifically. Neither does instruction 15. Instruction 15 is merely more descriptive. The district court did not plainly err by giving both Instructions 10 and 15.

B

Tobacco next argues the district court erred both by not departing from the sentencing guidelines and by giving an unreasonable sentence. A "district court's discretionary decision not to depart downward is unreviewable." United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005). However, we still review the sentence for reasonableness under 18 U.S.C. § 3553(a). United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005).

When a defendant's sentence is within the guidelines range it is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 718 (8th Cir. 2005). Nonetheless, it may still be unreasonable if the trial court: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment. Haack, 403 F.3d at 1004.

First, Tobacco alleges the court inappropriately considered rehabilitation in calculating the sentence. The district court stated: "Hopefully [defendant] can receive some treatment while in prison to address these issues and return to society to be a productive father for his family." Defendant notes 18 U.S.C. § 3582(a) states "imprisonment is not an appropriate means of promoting correction and rehabilitation."

While "'imprisonment is not an appropriate means of promoting correction and rehabilitation,' the sentence purposes that the court must consider include promoting 'respect for the law' and providing the defendant 'with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.'" United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002) (comparing 18 U.S.C. § 3582(a) with § 3553(a)(2)) (emphasis omitted). In this case the court stated numerous reasons for the sentence aside from rehabilitation. It did not consider rehabilitation for the purpose of determining the sentence, it merely expressed hope the defendant would receive treatment while incarcerated. The court did not abuse its discretion by inappropriately considering rehabilitation as a sentencing factor.

Second, Tobacco alleges the court incorrectly weighed defendant's importance to his family and thus committed a clear error of judgment. "Family ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6. However,

-4-

Tobacco contends this case is outside the "heartland" cases and should be distinguished. He argues § 3553(a) calls for the consideration of the following U.S.S.G. § 5H1.6 factors:

> (i) The defendant's service of a sentence within the guideline range will cause a substantial and direct specific loss of caretaking to the defendant's family.
> (ii) The loss of caretaking substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant.
> (iii) The loss of caretaking is one for which no effective remedial or ameliorative programs are reasonably available, making the defendant's caretaking irreplaceable to the defendant's family.

Tobacco and his diabetic mother raise his three children on Pine Ridge Reservation. His mother provides for the family, supplemented by Tobacco's occasional work as a mechanic. Tobacco stays at home with the children as a caretaker, maintains the cars, and chops firewood in the winter to heat the house. One of his children has asthma; another has a blood disease requiring yearly hospitalization and making him sick when exposed to the cold. Tobacco claims the district court should have weighed his responsibilities more heavily.

Defendant cites no case in which we have remanded for failure to adequately consider family responsibilities. He makes an imperfect analogy to cases where we have upheld downward departures based in part on family responsibilities. See, e.g., United States v. Spero, 382 F.3d 803, 804-05 (8th Cir. 2004) (stating defendant was crucial to child's daily routine where child had a variety of developmental disorders and required intense hands-on care); United States v. Haversat, 22 F.3d 790 (8th Cir. 1994) (noting spouse required defendant in her life on a regular basis and his constant monitoring in order to prevent her suicide). Even if those cases had been ones in which we remanded for failure to consider family responsibilities, Tobacco does not claim his family requires the substantial level of care and monitoring those situations

demanded.  Moreover, his mother raises the children with Tobacco and has been caring for them since defendant's October 2004 arrest.

The district court did not err by improperly weighing family responsibilities and its sentence was not unreasonable.

## III

For the reasons stated above, Tobacco's conviction and sentence are affirmed.

_____