# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1334

———————

United States of America,                    *
                                             *
        Appellee,                     *
                                             *  Appeal from the United States
    v.                                *  District Court for the
                                             *  Southern District of Iowa.
Francisco Rodriguez-Zuniga,                  *
                                             *  [UNPUBLISHED]
        Appellant.                    *

———————

Submitted: December 19, 2005
Filed: December 21, 2005

———————

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.


    Francisco Rodriguez-Zuniga appeals his sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine. See 21 U.S.C. §§ 841(b)(1)(A) and 846. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that Rodriguez-Zuniga's 168-month prison sentence, imposed upon consideration of an advisory Guidelines imprisonment range of 168-210 months and a 120-month statutory minimum, is

———————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

unreasonable under the 18 U.S.C. § 3553(a) sentencing factors. <u>See United States v. Booker</u>, 543 U.S. 220 (2005).

Following careful review, we believe the sentence imposed by the district court is not unreasonable. Although Rodriguez-Zuniga had no prior convictions and cooperated promptly, the instant offense involved a large quantity of methamphetamine, and Rodriguez-Zuniga admitted he had a managerial or supervisory role in the conspiracy. The district court expressly demonstrated its awareness of the section 3553(a) factors, and showed some leniency by sentencing Rodriguez-Zuniga at the bottom of the stipulated-to advisory Guidelines range. <u>See United States v. Lincoln</u>, 413 F.3d 716, 717-18 (8th Cir. 2005) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut presumption of reasonableness), <u>cert. denied</u>, No. 05-7506, 2005 WL 3067440, at *1 (U.S. Dec. 12, 2005); <u>cf.</u> <u>United States v. Tobacco</u>, 428 F.3d 1148, 1151 (8th Cir. 2005) (sentence may be unreasonable if trial court (1) failed to consider relevant factor that should have received significant weight, (2) gave significant weight to improper or irrelevant factor, or (3) considered only appropriate factors but in weighing those factors committed clear error of judgment).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____