# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2701

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Eastern District of Missouri.
Noriel K. Snider,                   *
                                    *   [UNPUBLISHED]
          Appellant.                *

_____

Submitted: June 2, 2006
Filed: June 12, 2006

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Noriel Snider appeals the 196-month sentence the district court[1] imposed following his guilty plea to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court plainly erred under United States v. Pirani, 406 F.3d 543 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005), and that the sentence amounted to cruel and unusual punishment under the Eighth Amendment. Snider has filed a motion for new

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

appointed counsel and a pro se supplemental brief raising multiple claims that counsel was ineffective.

As to counsel's arguments, <u>Pirani</u> is inapposite because it deals only with plain error when a defendant is sentenced under a mandatory scheme, <u>see</u> <u>Pirani</u>, 406 F.3d at 550 (application of Sentencing Guidelines as mandatory is error that is plain if in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005), at time of appellate consideration), and the record reflects that the district court knew the Guidelines were advisory.  We find that Snider's sentence does not violate the Eighth Amendment, <u>cf.</u> <u>United States v. Gordon</u>, 953 F.2d 1106, 1106, 1107 (8th Cir.) (rejecting defendant's argument that 262-month sentence for aiding and abetting manufacture of phenylacetone following application of career-offender Guideline violated Eighth Amendment), <u>cert. denied</u>, 506 U.S. 858 (1992); and nothing in the record rebuts the presumption that his sentence is reasonable, <u>see</u> <u>United States v. Tobacco</u>, 428 F.3d 1148, 1151 (8th Cir. 2005) (sentence within applicable Guidelines range is presumptively reasonable; presumption can be rebutted if district court (1) failed to consider relevant factor that should have received significant weight, (2) gave significant weight to improper or irrelevant factor, or (3) considered only appropriate factors but in weighing factors committed clear error of judgment).

Snider's claims of ineffective assistance of counsel are more appropriate for post-conviction proceedings.  <u>See</u> <u>United States v. Agboola</u>, 417 F.3d 860, 864-65 (8th Cir. 2005) (generally, ineffective-assistance claims are better left for post-conviction proceedings because facts from outside original record usually must be developed to decide such claims; rejecting ineffective-assistance claim without prejudice where defendant had not shown he raised claim in district court, record was not fully developed as to claim, and justice did not require consideration of claim on direct review).

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We also deny Snider's motion for new appointed counsel.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____