# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2766

_____

United States of America,    *
                             *
            Appellee,        *
                             *   Appeal from the United States
    v.                       *   District Court for the
                             *   Northern District of Iowa.
Sharon Lee Walker,           *
                             *   [UNPUBLISHED]
            Appellant.       *

_____

Submitted: May 31, 2006
Filed: June 13, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sharon Lee Walker pleaded guilty to conspiring with others to commit financial-aid fraud, in violation of 18 U.S.C. § 371, and committing financial-aid fraud, in violation of 20 U.S.C. § 1097(a). The district court[1] sentenced Walker to 87 months in prison and 3 years of supervised release, and to pay restitution. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Walker's sentence is unreasonable.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

We conclude that the sentence is not unreasonable, as the district court sentenced Walker within the advisory Guidelines range and gave appropriate consideration to the factors in 18 U.S.C. § 3553(a). See United States v. Booker, 543 U.S. 220, 258-62 (2005) (district courts must consult Guidelines and take them into account when sentencing, along with other § 3553(a) factors; § 3553(a) factors guide inquiry as appellate courts review sentences to determine whether they are reasonable); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut such presumption), cert. denied, 126 S. Ct. 840 (2005); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court (1) failed to consider relevant factor that should have received significant weight; (2) gave significant weight to improper or irrelevant factor; or (3) considered only appropriate factors but in weighing those factors committed clear error of judgment).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____