**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2554

UNITED STATES OF AMERICA,

Appellee,

v.

JEROME GRIFFIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Torruella, Circuit Judge,
Hug,[*] Senior Circuit Judge,
and Lynch, Circuit Judge.

Bjorn Lange, Assistant Federal Public Defender, for appellant.
Mark E. Howard, Assistant United States Attorney, United States Attorney's Office, with whom Thomas P. Colantuono, United States Attorney, was on brief, for appellee.

July 5, 2006

---

[*] Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  Jerome Griffin ("Griffin") was convicted of crack cocaine offenses and sentenced to be incarcerated for 198 months, a term below the properly calculated guideline range.  Griffin appealed, arguing that the sentence was unreasonable under 18 U.S.C. § 3553(a).  We are called on to apply our recent en banc decision in United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) to determine whether Griffin's sentence was unreasonable.  We hold it was not, and AFFIRM the district court's sentence.

**Background**

On September 25, 2002, Griffin pled guilty in the United States District Court for New Hampshire to three counts of distribution of cocaine base, and possession with intent to distribute fifty or more grams of cocaine base "crack" and five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(A)(ii) and (iii).  The sentencing court accepted the factual findings and guideline applications in the Presentence Investigation Report ("PSR") without objection from either party.

The PSR found Griffin accountable for more than 1.5 kilograms of cocaine base, requiring a base offense level under U.S.S.G. § 2D1.1(c)(2) of 38.  A three-level adjustment for acceptance of responsibility resulted in a total offense level of 35.  Griffin's prior criminal record placed him in criminal history category III, and as a result, the undisputed guideline sentencing range calculated by the PSR was 210 to 262 months.

The government recommended a sentence at the low end of the

guideline range: 210 months.  Griffin sought the statutory mandatory minimum of 120 months.  In support of his request, Griffin offered four arguments: (1) that he had been an exemplary inmate since his incarceration in March 2002; (2) that he had performed well while on supervised release from his prior conviction; (3) that the district court could, under United States v. Booker, 543 U.S. 220 (2005), consider Griffin's cooperation with prosecutors as mitigation, even without a U.S.S.G. § 5K2.1 motion from the government; and (4) that the unfairness of the 100:1 cocaine base crack to cocaine ratio should operate to reduce his sentence.

The sentencing court–District Judge DiClerico presiding–imposed a term of 198 months imprisonment followed by five (5) years of supervised release.[1]  Griffin then filed this timely appeal, arguing 198 months to be unreasonably high in light of alleged mitigating factors.

**Discussion**

We have jurisdiction over Griffin's direct appeal from his

---

[1]  This is the sentence from which Griffin appeals; however, it is the third time he was sentenced. The district court initially sentenced Griffin to 210 months on February 5, 2003.  Griffin failed to file a timely notice of appeal, but later moved pro se under 28 U.S.C. § 2255, contending that counsel had failed to prosecute an appeal at his request.  After an evidentiary hearing on November 12, 2003, the district court vacated and reimposed the sentence so that Griffin could appeal to the First Circuit.  This he did, but during the pendency of this revitalized direct appeal, Booker was decided.  Accordingly, on May 25, 2005, this court vacated the 2003 sentence of 210 months and remanded the case for re-sentencing, which resulted in the 198 month sentence on appeal.

final criminal judgment of conviction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Booker requires that appellate courts review sentences for "reasonableness." 543 U.S. 220, 260-63 (2005); see also United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005) (explicating Booker). Where, as here, the sentencing court is charged with committing an error of judgment as opposed to an error of law, our review of the length of the sentence demands "substantial deference to the judgment calls of [the] nisi prius court...." U.S. v. Pho, 433 F.3d 53, 60 (1st Cir. 2006).

Our recent en banc decision in Jimenez-Beltre outlines the steps we take to evaluate Griffin's sentence for reasonableness. 440 F.3d at 516-19. Under the post-Booker approach, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. However, Jimenez-Beltre rejects the proposition, advanced by the U.S. Attorney here, that a sentence within the properly calculated guideline range is "inherently unreviewable on appeal on grounds of 'unreasonableness.'"[2] 440 F.3d at 517-18 ("find[ing] it [un]helpful to talk about the Guidelines as presumptively controlling or a guidelines sentence as per se reasonable.") "[M]aking the guidelines 'presumptive' or 'per se

---

[2] Several circuits have used the presumption language. See, e.g., United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005); United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005). The per se label has also been urged. See United States v. Webb, 403 F.3d 373, 385 (6th Cir. 2005). However, it has thus far been rejected. See United States v. Talley, 431 F.3d 784, 786-87 (11th Cir. 2005); United States v. Cunningham, 429 F.3d 673, 676 (7th Cir. 2005); Webb, 403 F.3d at 385 n.9.

-4-

reasonable' does not make them mandatory," but "it tends in that direction; and anyway terms like 'presumptive' and 'per se' are more ambiguous labels than they at first appear." Id. A "more useful compass," reasoned the court, is the district judge's explanation of how he arrived at a sentence and justified it against objections. Id.

Booker requires consideration of the other sentencing factors enumerated by Congress in 18 U.S.C. § 3553(a). Booker, 543 U.S. at 258-60 ("Without the 'mandatory' provision, the [Sentencing] Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals"). The Guidelines cannot be called just "another factor" in this statutory list, 18 U.S.C. § 3553(a) (2000), but they are still "generalizations" and accounted, explicitly or implicitly, for the defense arguments. Jimenez-Beltre, 440 F.3d 518. Only through analysis of a district court's "sequential determination of the guideline range, including any proposed departures, followed by the further determination whether other factors identified by either side warrant an ultimate sentence above or below the guideline range" can reasonableness be assessed. Id. at 518-19.

Where, as here, a sentence falls outside the applicable guideline range, 18 U.S.C. § 3553(c) already requires a district court to enumerate reasons to justify it. Jimenez-Beltre goes further, emphasizing "the provision of a reasoned explanation, a plausible outcome and-where these criteria are met-some deference to different judgments by the district judges on the scene." Id. at 519.

-5-

**A. Reasoned Explanation**

Following <u>Jimenez-Beltre</u>, we look first to whether the district court offered a reasoned explanation for its sentence. In this case, it did. In re-sentencing Griffin, District Judge DiClerico explained that he had weighed: "the sentencing range under the advisory guidelines"; "the policies underlying those guidelines"; and "all of the Section 3553(a) sentencing factors." Judge DiClerico responded to all of the defense arguments. Furthermore, Judge DiClerico revealed that he had focused special attention on eight factors, namely:

1. the government's recommendation of 210 months and Griffin's recommendation of 120 months;
2. Griffin's limited cooperation with the government;
3. the seriousness of the offenses and large quantities of contraband involved;
4. the need to deter Griffin and others;
5. the degree of culpability of Griffin relative to his co-defendants;
6. Griffin's criminal history and risk of recidivism;
7. Griffin's good behavior while in custody, including drug treatment; and
8. the need for drug abuse aftercare and search and seizure special conditions during supervised release.

These reasons for sentencing Griffin below the guideline range, but above the statuary mandatory minimum, are essentially coextensive with the § 3553(a) factors. Thus, Judge DiClerico has met, if not exceeded, the ideal of transparency in sentencing aspired to by <u>Jimenez-Beltre</u>.

**B. Reasonableness**

We next examine the plausibility of the district court's result, and we hold Griffin's sentence of 198 months was reasonable. Griffin argues that 198 months is greater than

necessary to comply with the purposes of sentencing under 18 U.S.C. 3553(a)(2).  On reasonableness review, however, Griffin's position cannot prevail.

First, Griffin received a sentence below the properly calculated guideline range.  A district court is entitled to start with and accord the Guidelines "substantial weight."  See Jimenez-Beltre, 440 F.3d at 516.  A presumption of reasonableness may not attach to a guidelines sentence, but a sentence below the guideline range nonetheless suggests mitigating factors are already at work.  Indeed, the district court here weighed each mitigating factor Griffin cited in support of an even shorter sentence.  Judge DiClerico was not impressed by these factors.  Neither are we.

Griffin cites his sizable family, his strict Roman Catholic upbringing, his failure to learn the value of education from his parents, his lack of vocational skills and consequent work as a laborer, and, ultimately, his descent into drug and alcohol addiction.  These factors simply do not meaningfully lessen Griffin's culpability for this second and far more serious drug offense.  Griffin also cites exemplary behavior and submission to substance abuse programing so far in prison.  While commendable, neither bears very strongly on a sentence meant to reflect the gravity of offenses Griffin committed prior to his imprisonment.

We find nothing unreasonable about the district court's judgment that Griffin's cooperation with authorities was only minimal; about its findings regarding Griffin's role in or degree of culpability for the conspiracy; or about its conclusion that a lesser term would not adequately deter a 40-year-old repeat

offender such as Griffin, or might have a detrimental effect on general deterrence.

Finally, our recent decision in <u>Pho</u> explicitly rejected Griffin's argument that the Guidelines' disparate treatment of crack and powder cocaine justifies a sentence below the advisory guideline range. 433 F.3d at 63.

By contrast, the aggravating factors in this case are undisputed. Griffin was held accountable (without objection) for 1.5 <u>kilograms</u> of cocaine base "crack." According to the U.S. Attorney, this quantity "was one of the biggest ever in the State of New Hampshire." It was also Griffin's second crack conviction. Even worse, Griffin offended while still on supervised release following 30 months in prison for his first offense, and Griffin's co-conspirators were involved on both occasions. Overall, Griffin is a drug user unable to function in society without resorting to drug offenses to pay for his habit. The risk of recidivism is thus higher than average, and Judge DiClerico's sentence is reasonable.

## Conclusion

Because Judge DiClerico's well-described explanation convinces us court that Griffin's sentence is defensible on reasonableness grounds, <u>Jimenez-Beltre</u> directs us to defer to Judge DiClerico's judgment. Accordingly, we AFFIRM Griffin's sentence.