# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3076

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Alfredo Silva, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 24, 2006
Filed: July 27, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alfredo Silva appeals the sentence the district court[1] imposed upon his guilty plea to reentering the United States illegally after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Counsel argues the sentence is unreasonable because of several mitigating factors which call for a sentence below the 41-month prison sentence imposed by the district court. We disagree. First, the district court discussed Silva's criminal history and the need to provide adequate deterrence. Both of these factors are listed in 18 U.S.C. § 3553(a) as relevant sentencing considerations, and they support the reasonableness of the district court's sentence. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether district court considered § 3553(a) factors and whether appellate court's review of those factors leads to conclusion that they support reasonableness of sentencing decision).

Second, the sentence was within the undisputed advisory Guidelines range, and Silva has not rebutted the presumption of reasonableness. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005). Silva argues that he should be granted leniency based on the disadvantages he may suffer in prison as an illegal alien, and based on sentencing disparities for illegal-reentry cases within different judicial districts. He did not raise these matters to the district court at sentencing, and in any event, they do not make his sentence unreasonable. See United States v. Sebastian, 436 F.3d 913, 915-16 (8th Cir. 2006) (sentencing disparity resulting from fact that "fast-track" programs were available for those convicted of immigration offenses in certain judicial districts, but not to defendant, did not render his sentence unreasonable); cf. United States v. Cardosa-Rodriguez, 241 F.3d 613, 613-614 (8th Cir. 2001) (deportable aliens' ineligibility for Bureau of Prisons benefits does not provide basis for downward departure in illegal-reentry cases).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw.

_____