# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3575

———————

United States of America,

        Appellee,

v.

Erasmo Gonzalez-Gonzalez,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: July 26, 2006
Filed: August 7, 2006

———————

Before MURPHY, BYE, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Erasmo Gonzalez-Gonzalez pleaded guilty to illegally reentering the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a). At sentencing the district court[1] determined a Guidelines imprisonment range of 57-71 months, declined to depart downward from that range, and imposed a sentence of 57 months in prison and 3 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable given several bases for departure.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

First, Gonzalez-Gonzalez may not assign error based on the district court's denial of a downward departure, because the ruling was discretionary and not the result of a mistaken belief that the court lacked authority to depart. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005).

Second, the sentence is not unreasonable merely because of sentencing differences among judicial districts in illegal-alien cases, or disadvantages Gonzalez-Gonzalez may suffer in prison as an illegal alien. See United States v. Sebastian, 436 F.3d 913, 915-16 (8th Cir. 2006) (sentencing disparity resulting from fact that "fast-track" programs were available for those convicted of immigration offenses in certain judicial districts, but not to defendant, did not render his sentence unreasonable); cf. United States v. Cardosa-Rodriguez, 241 F.3d 613, 613-614 (8th Cir. 2001) (deportable aliens' ineligibility for Bureau of Prisons benefits does not provide basis for downward departure in illegal-reentry cases). We conclude nothing in the record rebuts the presumption that this sentence, within the undisputed advisory Guidelines range, is reasonable. See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005).

Having carefully reviewed the record, we find no nonfrivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____