# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3519

_____

United States of America,          *
                                   *

        Appellee,           *
                                   *   Appeal from the United States

    v.                    *   District Court for the
                                   *   District of Nebraska.

Hung Q. Dao,               *

                                   *    [UNPUBLISHED]

        Appellant.         *

_____

Submitted: August 18, 2006
Filed: August 29, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Hung Dao pleaded guilty to distributing and possessing with intent to distribute 50 grams or more of methamphetamine mixture within 1,000 feet of an elementary school or playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860(a), and 18 U.S.C. § 2. At sentencing, the district court[1] calculated a Guidelines imprisonment range of 63-78 months, and sentenced Dao to 63 months in prison and 8 years of supervised release. On appeal, counsel seeks permission to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

excessive, because the court failed to take into consideration the factors in 18 U.S.C. § 3553(a) regarding Dao's personal history and characteristics.

Setting aside the issue whether Dao may challenge the length of his sentence given the stipulations in his plea agreement and in the parties' subsequent joint statement of position on sentencing, we find that the district court's sentence is not unreasonable. The court properly considered section 3553(a), noting the advisory Guidelines range and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford deterrence. See 18 U.S.C. § 3553(a)(2)(A) and (B); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005). Dao was sentenced at the bottom of the applicable Guidelines range, and we see nothing in the record to indicate the district court failed to consider a relevant factor, based its sentence on an improper or irrelevant factor, or made a clear error of judgment. See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (sentence within applicable Guidelines range is presumptively reasonable; describing how presumption can be rebutted).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel permission to withdraw.

_____