# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2815

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Marcus J. Ware, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 6, 2006
Filed: October 11, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Marcus Ware appeals the 57-month prison sentence the district court imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Ware should have been sentenced at or below the bottom of the Guidelines range.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

We conclude that the sentence is not unreasonable. In sentencing Ware within the undisputed Guidelines range of 46-57 months, the district court properly considered the 18 U.S.C. § 3553(a) factors, specifically noting Ware's significant criminal history and the need to protect society and serve the ends of justice; and nothing in the record rebuts the presumption that the sentence is reasonable. See United States v. Booker, 543 U.S. 220, 260-64 (2005) (appellate courts must review sentences for unreasonableness; sentencing courts must take into account Guidelines and other §3553(a) factors ); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing them); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within applicable Guidelines range is presumptively reasonable, and defendant bears burden to rebut that presumption), cert. denied, 126 S. Ct. 840 (2005).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment and grant counsel's motion to withdraw.

_____