# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3121

———————

United States of America,

                Appellee,

      v.

Enrique Garcia-Sanchez,

                Appellant.

\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [UNPUBLISHED]

———————

Submitted: October 6, 2006
Filed: October 17, 2006

———————

Before MURPHY, BYE, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Enrique Garcia-Sanchez appeals the 108-month prison sentence the district court[1] imposed after he pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 846. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), requesting a review of the sentence for reasonableness.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We conclude that the sentence is not unreasonable: the district court properly considered the 18 U.S.C. § 3553(a) factors in sentencing Garcia-Sanchez within the Guidelines range, and nothing in the record rebuts the presumption that the sentence is reasonable. See United States v. Booker, 543 U.S. 220, 260-64 (2005) (appellate courts should review post-Booker sentences for unreasonableness; district courts must consult Guidelines and take them into account when sentencing, along with other § 3553(a) factors); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within applicable Guidelines range is presumptively reasonable and burden is on defendant to rebut that presumption), cert. denied, 126 S. Ct. 840 (2005); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumption of reasonableness can be rebutted if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing them).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment and also grant counsel's motion to withdraw on condition that he show that he has informed Garcia-Sanchez of the procedures for petitioning the Supreme Court for certiorari, in compliance with Part V of our plan to implement the Criminal Justice Act.

_____