# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4176

_____

United States of America,            *
                                    *

          Appellee,           *
                                    *   Appeal from the United States
    v.                    *   District Court for the
                                    *   Western District of Missouri.
Jeremy David Peery,           *

                                    *       [UNPUBLISHED]
          Appellant.         *

_____

Submitted:  November 3, 2006
Filed:  November 9, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeremy Peery appeals the 21-month concurrent prison sentences that the district court[1] imposed upon his guilty plea to identity theft in violation of 18 U.S.C. § 1028(a)(7), and access device fraud in violation of 18 U.S.C. § 1029(a)(5).  For reversal, Peery argues that the court imposed an unreasonable sentence because it was at the top of the Guidelines range and the court considered only the nature and circumstances of the offense to the exclusion of other relevant factors under 18 U.S.C.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

§ 3553(a) that warranted a lesser sentence. We reject this argument and affirm Peery's sentence.

Specifically, we conclude that the sentence was not unreasonable, see United States v. Booker, 543 U.S. 220, 261-62 (2005), because we see no basis for Peery to rebut the presumption of reasonableness that attaches to a sentence that falls within the undisputed advisory Guidelines range, see United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005). As to the section 3553(a) factors, the court was not required to explicitly discuss in open court each and every section 3553(a) sentencing factor, and notably, the court did discuss various relevant factors such as the seriousness of the offense, the need to promote respect for the law and to provide just punishment, and the need to provide adequate deterrence and to protect the public from further crimes. See United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (nothing in § 3553(a) requires "robotic incantations" that each factor was considered); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (if sentencing judge references some § 3553(a) considerations, appellate court is ordinarily satisfied district court was aware of entire contents of statute).

Accordingly, we affirm.

_____