# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1482

_____

United States of America,                *
                                         *
            Appellee,                     *
                                         *    Appeal from the United States
      v.                                  *    District Court for the
                                         *    District of Nebraska.
Rene Alvarado,                           *
                                         *    [UNPUBLISHED]
            Appellant.                    *

_____

Submitted: December 21, 2006
      Filed: December 27, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Rene Alvarado appeals the 135-month sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). For reversal, Alvarado argues that the sentence was unreasonable because the district court failed to take into account the nature and circumstances of the crime, and his history and characteristics. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

The record belies Alvarado's argument.  In presentencing tentative findings denying Alvarado's motion for a deviation from the advisory Guidelines range, the court provided a detailed and reasoned analysis for denying the motion:  the court specifically discussed and commented on the nature and circumstances of the crime and the fact that Alvarado had already received a sentencing benefit by being awarded a two-level safety-valve reduction.  And when the court again denied the deviation request at sentencing, the court noted explicitly that it had considered the sentencing factors included in 18 U.S.C. § 3553(a).  Further, the 135-month sentence was within the undisputed Guidelines range, and Alvarado has not rebutted--nor can we see a basis for rebutting--the resulting presumption of reasonableness.  See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court (1) failed to consider relevant factor that should have received significant weight; (2) gave significant weight to improper or irrelevant factor; or (3) considered only appropriate factors, but in weighing those factors committed clear error of judgment).

Accordingly, we affirm.

_____