# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4170

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Antonio L. McGee, also known as | * | |
| Tonio, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 7, 2006
Filed: January 8, 2007

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Antonio McGee appeals the sentence the district court[1] imposed after he pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846. For reversal, McGee contends the district court abused its discretion by imposing a sentence that was greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

We reject McGee's argument. The court noted McGee's history of selling crack cocaine, and McGee's background and failure to avail himself of the opportunities he had been given to abide by the law; the court explained that, although the sentence was "stiff," the court was concerned that McGee might re-offend and endanger the public. Further, the court stated that the sentence would avoid sentencing disparities. See 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), (a)(2)(C) (protect public from further crimes of defendant), (a)(6) (avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness); United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (nothing in § 3553(a) requires "robotic incantations" that each factor was considered).

Significantly, the 262-month prison sentence was at the low end of the undisputed Guidelines range, and McGee has not rebutted--nor can we see a basis for rebutting--the resulting presumption of reasonableness. See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court (1) failed to consider relevant fact that should have received significant weight; (2) gave significant weight to improper or irrelevant factor; or (3) considered only appropriate factors, but in weighing those factors committed clear error of judgment); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005).

Accordingly, we affirm.

_____