# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1139

_____

United States of America,

        Appellee,

v.

Jose H. Valles-Juarez,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* District of Nebraska.

\* [UNPUBLISHED]

_____

Submitted: January 22, 2007
Filed: January 25, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

       Jose Valles-Juarez appeals the 168-month sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. For reversal, he argues the court gave undue weight to the Guidelines and did not properly account for the 18 U.S.C. § 3553(a) factors that favored a lower sentence.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We disagree, and conclude that the sentence--which was at the bottom of the undisputed Guidelines range--is not unreasonable.  See United States v. Booker, 543 U.S. 220, 261-62 (2005) (appellate courts must review sentences for unreasonableness); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing them); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption), cert. denied, 126 S. Ct. 840 (2005).  At sentencing the district court recited the section 3553(a) factors and indicated it had considered all of them, stating in particular that the criminal-justice goals of deterrence and an opportunity for rehabilitation supported the sentence it chose.  See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether district court actually considered § 3553(a) factors and whether appellate court's review of factors leads to conclusion that they support reasonableness of district court's sentencing decision); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that district court considered relevant matters, not that court made specific findings on each § 3553(a) factor).  Accordingly, we affirm.

_____