# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4226

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
      v.                           *   District Court for the
                                   *   Western District of Missouri.
Juan Ontiveros-Carreon,            *
                                   *      [UNPUBLISHED]
            Appellant.             *

_____

Submitted: February 5, 2007
Filed: February 5, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Juan Ontiveros-Carreon pleaded guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced Carreon to 50 months in prison and 3 years of supervised release. On appeal, his attorney has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable because Carreon had not committed any crimes other than illegally returning to the United States.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Upon review, we conclude that the reasonableness argument is without merit. The district court noted Carreon's history of illegally reentering the United States, which can be construed as consideration of Carreon's history and characteristics. See 18 U.S.C. § 3553(a)(1) (factors to be considered in imposing sentence include nature and circumstances of offense and history and characteristics of defendant); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is not whether district court quoted or cited § 3553(a), but whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness); United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (nothing in § 3553(a) requires "robotic incantations" that each factor was considered). Further, the 50-month sentence was reasonable in light of not only Carreon's history of repeatedly entering the United States illegally, but also his prior violent felony conviction for aggravated indecent liberties with a minor, which suggests a need to protect the public from further crimes. See 18 U.S.C. § 3553(a)(2)(C) (factors to be considered in imposing sentence include need to protect public from further crimes of defendant). Finally, the 50-month prison sentence was within the undisputed Guidelines range, and Carreon has not rebutted the resulting presumption of reasonableness. See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court (1) failed to consider relevant fact that should have received significant weight; (2) gave significant weight to improper or irrelevant factor; or (3) considered only appropriate factors, but in weighing those factors committed clear error of judgment); United States v. Lincoln, 413 F3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005).

Having found no nonfrivolous issues for appeal upon our independent review pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____