# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4277

_____

United States of America,        *
                           *

        Appellee,        *

                           *   Appeal from the United States
     v.                  *   District Court for the
                           *   District of Minnesota.

Curtis Manzell Fortune,        *

                           *   [UNPUBLISHED]
        Appellant.      *

_____

Submitted: January 31, 2007
Filed:  February 5, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Curtis Fortune pleaded guilty to possessing cocaine base with intent to distribute, see 21 U.S.C. § 841(a)(1), (b)(1)(A) (10-year minimum prison term); and carrying a firearm during a drug-trafficking crime, see 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii) (consecutive 5-year minimum prison term). Calculating an advisory Guidelines range of 151-188 months for the drug count, the district court[1] sentenced Fortune to consecutive prison terms of 151 months and 60 months.  Fortune appeals, arguing that the sentence is unreasonable and that imposing the 10-year minimum on the drug count

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

(for a 180-month total sentence) would accomplish the goals set forth in 18 U.S.C. § 3553(a).

We conclude that the sentence is not unreasonable. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (appellate courts must review sentences for unreasonableness). Fortune has not rebutted the presumption of reasonableness that attaches to the prison term selected for the drug count. See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing them); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005). The district court acknowledged its obligation to consider the section 3553(a) factors, and properly noted Fortune's failure to change his ways after two previous drug convictions. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (sentencing court need not specifically mention each § 3553(a) factor; relevant inquiry is whether court actually considered those factors and whether appellate court's review of factors leads it to conclude they support reasonableness of sentence). Accordingly, we affirm.

_____