# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2995

_____

United States of America,          *
                                   *

         Appellee,        *

                                   *     Appeal from the United States

    v.                         *     District Court for the District of

                                   *     South Dakota.

Jason Long Soldier, Sr.,      *

                                   *

         Appellant.      *

_____

Submitted: November 14, 2005
Filed: December 23, 2005

_____

Before MURPHY, McMILLIAN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Appellant Jason Long Soldier, Sr. pled guilty to one count of making a false, fictitious and fraudulent material statement and representation within the jurisdiction of the United States Department of Agriculture (the "DOA") in violation of 18 U.S.C. § 1001. The district court[1] determined an advisory U.S. Sentencing Guidelines range

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

of 0-6 months and imposed a sentence of 12 months' imprisonment. Long Soldier appeals his sentence. For the reasons discussed below, we affirm.

## I.    Background

Long Soldier was arrested after an investigation conducted by the Office of Recoveries and Fraud Investigation for the South Dakota Department of Social Services (the "SDDSS") revealed that he made false written statements regarding his household income and benefits and his residence address when applying to receive food stamp assistance, a program within the jurisdiction of the DOA.

After entering his guilty plea, Long Soldier was allowed to remain free subject to the conditions of his bond, which included a requirement that Long Soldier not consume alcohol. At a presentencing bond violation hearing, Long Soldier admitted that he violated a term of his pretrial release by appearing intoxicated in public, and his bond was revoked. At the sentencing hearing, the district court calculated the advisory guidelines range as 0-6 months but noted the bond violation along with Long Soldier's lengthy criminal record, history of failing to comply with conditions of probation and supervised release, unwillingness to gain employment, and chronic substance abuse. Given these facts, the district court determined that the appropriate sentence was 12 months' imprisonment. The district court also ordered Long Soldier to pay $2,982.00 in restitution to the SDDSS. Long Soldier appeals the sentence.

## II.    Discussion

Long Soldier argues that the district court erred as a matter of law by holding that "there's no such thing as an upward departure anymore with the *Booker* and *Fanfan* cases." We review the district court's conclusions of law de novo. *United States v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005). We have held that a district court should consider and may apply appropriate departures when determining the

advisory guidelines range following *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). However, the district court's comment was harmless error as to Long Soldier. Because the district court apparently believed that departures under the guidelines had been abolished, it did not attempt to effect one.[2] The district court's erroneous belief that it could not depart upward did not deprive Long Soldier of any substantial–or even beneficial–right. He was deprived merely of the opportunity to receive an upward departure and, perhaps, a longer sentence. As such, any error is harmless pursuant to Fed. R. Crim. P. 52(a).

Long Soldier next argues that the district court erred as a matter of law by imposing his sentence above the guidelines range without providing him notice pursuant to Fed. R. Crim. P. 32(h). Rule 32(h) provides that under certain circumstances the district court must give notice to the parties that it is contemplating a departure from the guidelines range. However, notice pursuant to Rule 32(h) is not required when the adjustment to the sentence is effected by a variance, rather than by a departure. *United States v. Egenberger*, 424 F.3d 803, 805 (8th Cir. 2005). Because the district court effected only an upward variance, no Rule 32(h) notice was required.

Long Soldier also claims that the district court erred by refusing to grant him a two-level reduction in his offense level for acceptance of responsibility pursuant to the U.S. Sentencing Guidelines Manual § 3E1.1(a). Whether the defendant accepted responsibility is a factual question that depends largely on credibility assessments made by the sentencing court. *United States v. Rodamaker*, 56 F.3d 898, 901 (8th Cir. 1995). This Court gives great deference to the district court's denial of a request for a reduction for acceptance of responsibility and reviews the decision for clear error.

---

[2]The district court did, however, effect an upward variance. Although Long Solider does not argue that the district court erred as a matter of law by making an upward variance post-*Booker*, such an argument would have been meritless. *United States v. Shannon*, 414 F.3d 921, 923 (8th Cir. 2005) (holding that, post-*Booker*, the sentencing court may effect an upward variance).

*Id.* The district court denied the § 3E1.1(a) reduction at sentencing, citing Long Soldier's bond violation, continued abuse of alcohol and consequent failure to gain employment that would enable Long Soldier to pay restitution. Long Soldier argues that these reasons were insufficient grounds for denying the reduction, given that Long Soldier accepted responsibility by virtue of his guilty plea and the Government acknowledged that he had demonstrated acceptance of responsibility.

While the entry of a plea of guilty constitutes significant evidence of acceptance of responsibility, this evidence still may be outweighed by conduct of the defendant that is inconsistent with such acceptance. U.S.S.G. § 3E1.1, cmt. n.3 (2004). In determining whether a defendant qualifies for an acceptance of responsibility reduction, the district court may consider aspects of the defendant's conduct beyond the mere fact of his guilty plea. *See id*. § 3E1.1, cmt. n.1, n.3, n.4; *United States v. Martinez*, 234 F.3d 1047, 1048 (8th Cir. 2000) (per curiam) (holding that the denial of a § 3E1.1 reduction was proper where the defendant failed alcohol and drug tests while under the supervision of a halfway house and absconded from the halfway house prior to a bond revocation hearing). Given that Long Soldier violated his bond, failed to seek treatment for his alcoholism, remained unemployed, and made no effort to pay restitution to the SDDSS, the district court did not clearly err in refusing to grant Long Soldier a reduction for acceptance of responsibility.

Long Soldier also asserts a two-pronged challenge related to the reasonableness of his sentence. He argues that the district court erred by failing to cite to 18 U.S.C. § 3553(a) in determining his sentence and that the resulting sentence was unreasonable. First, we consider Long Soldier's argument regarding the district court's failure to refer to § 3553(a). Long Soldier claims that because the district court did not include "any reference to" § 3553(a) when pronouncing his sentence, the district court "completely ignored" the § 3553(a) factors. Whether the district court must refer specifically to § 3553(a) in determining a sentence is a question of law. Long Soldier's argument is misguided. The relevant inquiry is not whether the district

court quoted or cited § 3553(a); it is whether the district court actually considered the § 3553(a) factors and whether "our review of these statutory factors leads us to conclude that they support the reasonableness of the district court's sentencing decision." *United States v. May*, 413 F.3d 841, 847 (8th Cir. 2005). Accordingly, the district court did not err merely because "§ 3553(a)" was not specifically mentioned when the district court pronounced the sentence.

Second, we consider Long Soldier's argument that his sentence is unreasonable. Whether a sentence is reasonable in light of § 3553(a) is reviewed for abuse of discretion. *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005). A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). In the context of reviewing a sentence for reasonableness, a proper or relevant factor is one listed under § 3553(a). *See id.* at 1002-03.

The *Haack* test for reasonableness is satisfied in this case. The record does not indicate that the district court failed to consider a relevant factor or, conversely, that it considered an improper or irrelevant factor. Further, we find no clear error of judgment in the district court's weighing of the § 3553(a) factors. Rather, the district court's findings in support of the upward variance demonstrate that the sentence is reasonable under § 3553(a). The district court noted Long Soldier's long criminal history, his record of noncompliance while previously on probation and supervised release, his unwillingness to obtain employment, and his ongoing substance abuse problem. *See* 18 U.S.C. § 3553(a)(1). Further, the court found that probation was not an appropriate sentence because it would not be a deterrent. *See id.* § 3553(a)(2)(B) and (3). The district court also considered the victim and ordered restitution to the SDDSS. *See id.* § 3553(a)(7). Accordingly, the district court did not err by imposing an unreasonable sentence.

## III.  Conclusion

Accordingly, we affirm the sentence of the district court.

_____