# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1945

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Royrico A. Bunch, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: February 2, 2007
Filed:  February 7, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Royrico Bunch appeals the 63-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  In his timely appeal, Bunch argues the district court imposed an unreasonable sentence because he placed too much weight on Bunch's flight from the police during the commission of this offense, and on his criminal history and interactions with law enforcement, while neglecting to mention

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

his age, family circumstances, lack of prior lengthy prison sentences, and reason for carrying the firearm (protection).

We disagree, and conclude that the sentence--which was at the top of the Guidelines range--is not unreasonable. The district court gave a considered and detailed explanation as to why, given the sentencing factors under 18 U.S.C. § 3553(a), it declined to impose a more lenient sentence; the court was not required to discuss each factor raised by Bunch in mitigation of his sentence, and Bunch has not succeeded in rebutting the presumption of reasonableness that attaches to a sentence imposed within the advisory Guidelines range. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support a finding of reasonableness); United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (nothing in § 3553(a) or United States v. Booker, 543 U.S. 220 (2005), requires "robotic incantations" that each factor was considered); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (when sentence is within Guidelines range, defendant bears burden to rebut presumption of reasonableness; burden is satisfied by showing, with reference to § 3553(a), that district court based sentence on improper or irrelevant factor or failed to consider relevant factor), cert. denied, 126 S. Ct. 840 (2005). Further, even if Bunch's within Guidelines sentence was not presumed to be reasonable under our precedents, we would still find that the district court acted reasonably in imposing the sentence of 63 months in prison and 3 years of supervised release.

Accordingly, we affirm.

_____