# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1483

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Lisa Ann Schofield, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 16, 2007
Filed: February 22, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Lisa Schofield appeals the 162-month prison sentence the district court[1] imposed after she pleaded guilty to conspiracy to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On appeal, Schofield argues that the sentence is unreasonable.

We conclude that the sentence is not unreasonable. The district court gave a considered explanation for its sentence, taking into account sentencing factors under

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

18 U.S.C. § 3553(a). <u>See</u> <u>United States v. Long Soldier</u>, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness); <u>United States v. Lamoreaux</u>, 422 F.3d 750, 756 (8th Cir. 2005) (nothing in § 3553(a) or <u>Booker</u>[2] requires "robotic incantations" that each factor was considered). The district court commented on Schofield's personal history and circumstances, but was persuaded that a sentence near the top of the Guidelines range was appropriate in light of the dangerousness of her drug activities, her need for drug treatment, and the circumstances surrounding the offense including the murders of two confidential informants. <u>See</u> U.S.S.G. § 3553(a)(1) (nature and circumstances of offense; history and characteristics of defendant); (2)(A) (seriousness of offense); (2)(D) (needed training, medical care, or other correctional treatment).

Accordingly, we affirm.

_____

---

[2]<u>United States v. Booker</u>, 543 U.S. 220 (2005)