# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3854

_____

United States of America,      *
          *
     Plaintiff - Appellee,      *
          *    Appeal from the United States
    v.      *    District Court for the
          *    Northern District of Iowa.
Sandra Boss,      *
          *
     Defendant - Appellant.      *

_____

Submitted: May 16, 2007
Filed:June 26, 2007

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Sandra Boss sold 0.41 grams of heroin to a confidential informant in October 2004 and was subsequently charged with two counts of distributing heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860, and one count of conspiring to distribute heroin, in violation of 21 U.S.C. § 846. She pled guilty to the two distribution counts, and the district court[1] sentenced her to 27 months on each count to run concurrently. Boss appeals her sentence. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Boss's base offense level under the advisory sentencing guidelines was 12. The district court applied a two level enhancement for the protected location and a two level reduction for acceptance of responsibility. With a total offense level of 12 and criminal history V, her advisory guideline range was 27 to 33 months, which she did not challenge.

At her sentencing hearing, Boss requested a downward departure from the guidelines on the basis that category V overrepresented the seriousness of her past offenses and the likelihood she would reoffend. Since her criminal history reflected her past drug use and she no longer used drugs, she would not reoffend she claimed. The United States argued that a downward departure was not warranted because Boss was only one point away from category VI and because postoffense rehabilitation is not a proper basis for a downward departure. The district court declined to depart downward because it found that category V did not overrepresent the seriousness of her criminal history, which included convictions for theft, assault, and forgery in addition to several felony drug offenses. The court acknowledged her postoffense lifestyle changes but said they would be considered in deciding the appropriate point for her within the guideline range.

Boss also argued for a downward variance from the guideline range under 18 U.S.C. § 3553(a) in light of the small amount of heroin involved in the crimes and her postoffense lifestyle changes. She argued that a downward variance was warranted because the sales, which took place at her apartment, had nothing to do with the nearby school. She also pointed out that for both sales to the confidential informant she had to call her supplier to get some drugs and then sold user amounts totaling less than half a gram. She also took the initiative to get rehabilitation and enrolled in college coursework. The United States argued that all of her characteristics could be accommodated by a sentence within the advisory guideline range.

The court declined to vary downward, stating that the two level reduction for acceptance of responsibility had adequately accounted for Boss's voluntary

termination of drug use and enrollment in college coursework. The court concluded that her 12 criminal history points, which put her at the top of category V, the small drug quantity involved in her offenses, and the facts that she had meanwhile quit using heroin and enrolled in college coursework warranted concurrent sentences of 27 months, the low point in the applicable guideline range.

On appeal Boss argues that the sentence is unreasonable. We review a sentence for reasonableness in light of the § 3553(a) factors, United States v. Booker, 543 U.S. 220, 260 (2005), applying an abuse of discretion standard. See United States v. Ture, 450 F.3d 352, 356 (8th Cir. 2006). The district court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. E.g., United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005).

In sentencing Boss to 27 months, the district court considered all of the § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant, see § 3553(a)(1), the kinds of sentences available, see § 3553(a)(3), the advisory guideline sentencing range, see § 3553(a)(4), and the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct, see § 3553(a)(6). The sentence accounted for the low drug quantity involved, high criminal history points for category V and postoffense rehabilitation including voluntary termination of drug use and enrollment in college coursework. Given that the district court did not consider any impermissible factors and gave weight to all of the relevant factors, we conclude after carefully reviewing the record that the court's decision to sentence Boss to 27 months imprisonment was a reasonable application of the § 3553(a) factors. See United States v. Shan Wei Yu, 484 F.3d 979, 988 (8th Cir. 2007).

Accordingly, we affirm the judgment of the district court.

_____