# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4126

_____

United States of America,

                Appellee,

    v.

Robert Bailey,

                Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: August 28, 2007
Filed: August 28, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Bailey challenges the 169-month prison sentence imposed by the district court[1] following his guilty plea to possessing and aiding and abetting the possession of pseudoephedrine, knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court sentenced Bailey within a Guidelines range that was enhanced based on application of the career offender Guideline, U.S.S.G. § 4B1.1. On appeal, Bailey argues that the district court erred when it declined his request for a downward sentencing variance based on the late

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

onset of his criminal behavior caused by his addiction to methamphetamine; he argues that the sentence creates unwarranted sentencing disparities. We reject these arguments and affirm.

This court reviews the sentence for abuse of discretion, *see United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005), and applies a presumption of reasonableness to a sentence imposed within the Guidelines range, *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Shields*, No. 06-3573, 2007 WL 2301911, at *5 (8th Cir. Aug. 14, 2007). The application of the career offender Guideline was not a matter left to the district court's discretion, *see United States v. Berni*, 439 F.3d 990, 992 (8th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 2946 (2006), and Bailey's sentence is comparable to sentences imposed on others who have similar records and are deemed career offenders, *see United States v. Plaza*, 471 F.3d 876, 880 (8th Cir. 2006) (in evaluating potential disparity, court must compare defendants with similar records).

Upon careful review, we conclude that the district court did not fail to consider a relevant factor that should have received significant weight, did not give significant weight to an improper or irrelevant factor, and did not commit a clear error of judgment. *See Long Soldier*, 431 F.3d at 1123 (defining abuse of discretion); *cf. United States v. Lee*, 454 F.3d 836, 839 (8th Cir. 2006) (drug abuse and age are not proper reasons to impose downward variance absent exceptional circumstances such as infirmity).

Accordingly, the judgment is affirmed.

_____