# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4169

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Daniel Tovar-Arguello, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 4, 2007
Filed: October 9, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Tovar-Arguello, a citizen of Mexico, pleaded guilty to illegally re-entering the United States after having been deported following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) and 6 U.S.C. §§ 202(3), (4), and 557. His advisory Guidelines imprisonment range was 30-37 months, and he was sentenced to 30 months in prison by the district court.[1] On appeal, Tovar-Arguello argues that his sentence is unreasonable because the district court (1) undervalued the mitigating facts and unique circumstances of his case, such as his

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

benign reasons for illegal re-entry, and (2) overvalued the deterrent effect of a prison sentence. His argument relies on the factors listed in 18 U.S.C. § 3553(a) and the "parsimony" doctrine, which provides that the sentence imposed should be the least severe sanction necessary to achieve the purpose of sentencing.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Tovar-Arguello at the bottom of the advisory Guidelines range. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (presumption of reasonableness applies to sentence imposed within advisory Guidelines range); *United States v. Garlewicz*, 493 F.3d 933, 938 (8th Cir. 2007) (same); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment); *cf. United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006) ("It will be the rare case in which a within-the-range sentence can be found to transgress the parsimony principle."), *cert. denied*, 127 S. Ct. 3064 (2007); *United States v. Dyck*, 334 F.3d 736, 742 (8th Cir. 2003) ("harm sought to be prevented is illegal reentry itself, for whatever purpose").

Accordingly, the judgment is affirmed.

_____