# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3541

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jose Manuel Garcia, also known as | * | District of Minnesota. |
| Jose Manuel Bastidas, also known as | * | |
| Jose Bastidas Garcia, also known as | * | [UNPUBLISHED] |
| Jose Garcia-Bastidas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 30, 2007
Filed: November 14, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Jose Manuel Garcia challenges the 57-month sentence that the district court[1] imposed upon his guilty plea to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2) and 6 U.S.C. §§ 202(3), 202(4), and 557. Garcia argues his sentence is unreasonable

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

because the district court: (1) erroneously applied a presumption of reasonableness to the Guidelines; (2) failed to account properly for the sentencing factors in 18 U.S.C. § 3553(a); and (3) improperly considered the dismissed firearm count. "We review a sentence for reasonableness in light of the § 3553(a) factors, United States v. Booker, 543 U.S. 220, 260 (2005), applying an abuse of discretion standard." United States v. Boss, 493 F.3d 986, 987 (8th Cir. 2007) (noting a district court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors) (citing United States v. Ture, 450 F.3d 352, 356 (8th Cir. 2006); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005)).

Our review of the record convinces us that the district court did not abuse its discretion in sentencing Garcia at the bottom of the advisory Guidelines range. Contrary to Garcia's contention, the record does not show the district court applied a presumption of reasonableness to the Guidelines range. Further, the record reflects the court adequately considered the section 3553(a) factors, including Garcia's history and characteristics and the need for the sentence imposed to deter future criminal conduct, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Garcia did not object to the presentence report's statement that a loaded revolver--the gun underlying the dismissed firearm count--was found in his bedroom during the execution of a search warrant that led to the discovery of Garcia's illegal presence in the United States. Accordingly, the district court was entitled to consider that fact in imposing sentence. See 18 U.S.C. § 3553(a)(1) (court must consider nature and circumstances of offense); Fed. R. Crim. P. 32(i)(3)(A) (district court may accept unobjected-to portion of PSR as finding of fact).

Accordingly, we affirm.

_____