# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1147

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Chad Wetzel, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 4, 2007
Filed: December 10, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Chad Wetzel pleaded guilty to failure to collect and pay over taxes, in violation of 26 U.S.C. § 7202; theft and embezzlement from an employee benefit plan, in violation of 18 U.S.C. § 664; and false oath and account in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2), each of which was punishable by a maximum of 5 years in prison. Using an undisputed advisory Guidelines imprisonment range of 63-78 months, and having addressed Wetzel's arguments for a lower sentence, the district court[1] imposed two concurrent 60-month prison terms and a consecutive 12-

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

month prison term. Wetzel appeals, arguing the district court abused its discretion and imposed an unreasonable sentence by giving undue weight to the Guidelines, and by inadequately considering mitigating circumstances and the need to avoid unwarranted sentence disparities.

We review a sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors, applying an abuse-of-discretion standard. See United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Boss, 493 F.3d 986, 987 (8th Cir. 2007). We find no abuse of discretion here. First, Wetzel's disparity argument fails because, as the district court correctly determined, his case and criminal history were not at all similar to those of another individual who owned the predecessor to Wetzel's business. See 18 U.S.C. § 3553(a)(6) (court is to consider "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Further, our review of the record convinces us that the district court considered and rejected Wetzel's arguments regarding mitigating circumstances, properly took into account only relevant section 3553(a) factors, and did not commit a clear error of judgment in weighing these factors. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (sentencing court abuses its discretion if it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing them).

Accordingly, we affirm.

_____