# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1041

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ermes Moreno-Meras, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 5, 2007
Filed: December 13, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ermes Moreno-Meras pleaded guilty to possessing, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and b(1). The district court[1] calculated an advisory Guidelines range of 135-168 months in prison and sentenced Moreno-Meras at the bottom of the range. On appeal, Moreno-Meras argues for the first time that the court's decision to give the Guidelines "substantial weight" was contrary to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). He also asserts that his sentence is unreasonable because it is greater than

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

necessary to promote the statutory goals of sentencing. We reject these arguments and affirm.

We review for plain error the district court's decision to give the Guidelines substantial weight. *See United States v. Patterson*, 481 F.3d 1029, 1034 (8th Cir. 2007) (failure to raise issue at sentencing results in plain-error review on appeal). Assuming, without deciding, that the district court committed plain error by according the advisory Guidelines more weight than the other 18 U.S.C. § 3553(a) factors, *see, e.g., United States v. Sachsenmaier*, 491 F.3d 670, 685 (7th Cir. 2007) (district courts must calculate advisory Guidelines range accurately, but ultimately must sentence based on § 3553(a) factors "without any thumb on the scale favoring a guideline sentence")*, we conclude that Moreno-Meras has failed to establish a reasonable probability that he otherwise would have received a more favorable sentence, *cf. United States v. Pirani*, 406 F.3d 543, 552-53 (8th Cir. 2005) (en banc) (under plain-error review defendant must show reasonable probability that, but for *Booker* error, he would have received more favorable sentence under advisory Guidelines).

We also conclude that Moreno-Meras's sentence is not unreasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness); *United States v. Garlewicz*, 493 F.3d 933, 938 (8th Cir. 2007) (presumption of reasonableness is accorded sentence within properly calculated Guidelines range); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing factors); *see also United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006) (it is rare for Guidelines sentence to be higher than necessary to achieve statutory goals of sentencing), *cert. denied*, 127 S. Ct. 3064 (2007).

Accordingly, the judgment is affirmed.

_____