# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2117

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Patrick Shawn Florang, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 18, 2008
Filed: February 4, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Patrick Florang challenges the reasonableness of the 292-month prison sentence the district court[1] imposed after he pleaded guilty to (1) possession of ammunition by an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(1), (3), and 924(a)(2); and (2) conspiracy to distribute more than 5 grams of actual methamphetamine after a prior felony drug conviction, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Florang also argues

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

the district court improperly accorded his Guidelines sentence a presumption of reasonableness.

We conclude that the court appropriately applied the Guidelines and did not treat his advisory Guidelines range as presumptively reasonable. See United States v. Akers, 476 F.3d 602, 605 (8th Cir.), cert. denied, 128 S. Ct. 101 (2007) (application of Guidelines reviewed de novo). We further conclude that Florang's 292-month prison sentence is reasonable and not an abuse of the district court's discretion because the court properly took into account only relevant 18 U.S.C. § 3553(a) factors and did not commit a clear error of judgment in weighing those factors. See 18 U.S.C. § 3553(a)(1)-(3) (court shall consider, inter alia, nature and circumstances of offense and history and characteristics of defendant; need for sentence imposed to afford adequate deterrence and provide defendant with needed medical care or other correctional treatment; and kinds of sentences available); Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (allowing appellate presumption of reasonableness for sentences within Guidelines range; district court's sentencing analysis was legally sufficient when record showed that court listened to each argument and considered evidence in support of sentence below advisory Guidelines range, even though court did not elaborate on its reasons); United States v. Boss, 493 F.3d 986, 987 (8th Cir. 2007) (reasonableness of sentence reviewed for abuse of discretion); United States v. Haack, 403 F.3d 997, 1004 (8th. Cir. 2005) (listing circumstances in which abuse of discretion may occur).

Accordingly, we affirm.

_____