# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-1043/1044

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Katherine T. Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 28, 2007
Filed: February 8, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Katherine Williams challenges the prison sentences--totaling 168 months--the district court[1] imposed after she pleaded guilty to distribution and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1), and failing to appear at sentencing, in violation of 18 U.S.C. § 3146(a)(1). For reversal, she argues that the district court erred in denying her an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1, and that the sentences are unreasonable.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We conclude that the district court did not clearly err in denying an acceptance-of-responsibility reduction.  See United States v. Long Soldier, 431 F.3d 1120, 1122-23 (8th Cir. 2005) (standard of review; this court gives great deference to district court's denial of acceptance-of-responsibility request).  Although Williams had pleaded guilty, her subsequent actions--including absconding and resisting arrest--were inconsistent with acceptance of responsibility, resulted in an obstruction-of-justice enhancement, and were not justified by extraordinary circumstances.  See U.S.S.G. § 3E1.1, comment. (n.2) (defendant's acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.  A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."), (n.4) (conduct resulting in obstruction-of-justice enhancement ordinarily indicates lack of acceptance of responsibility, except in extraordinary cases); United States v. Campos, 362 F.3d 1013, 1016-17 (8th Cir. 2004) (extraordinary circumstances evaluation takes into account totality of circumstances, including whether obstruction was isolated early incident or ongoing attempt to obstruct prosecution, whether defendant voluntarily terminated his obstruction or was stopped by law enforcement, and whether defendant admitted and recanted his obstruction or denied it at sentencing (citing United States v. Honken, 184 F.3d 961, 968-69 (8th Cir. 1999)).

We further conclude that Williams's combined prison sentences--at the bottom of the applicable advisory Guidelines range--are not unreasonable and were not an abuse of the district court's discretion.  The court expressly considered appropriate factors under 18 U.S.C. § 3553(a), such as the Guidelines imprisonment range and Williams's character and history.  Further, nothing in the record indicates that the district court based the sentences on an improper or irrelevant factor, failed to consider a relevant factor, or made a clear error of judgment in weighing appropriate factors.  See 18 U.S.C. § 3553(a)(1), (4); Gall v. United States, 128 S. Ct. 586, 596 (2007) ("abuse-of-discretion standard of review applies to appellate review of all sentencing decisions—whether inside or outside the Guidelines range"); United States v. Booker,

543 U.S. 220, 264 (2005) ("The courts of appeals review sentencing decisions for unreasonableness."); <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005) (stating ways in which abuse of discretion may occur); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2463-68 (2007) (allowing appellate presumption of reasonableness for sentences within Guidelines range); <u>United States v. Harris</u>, 493 F.3d 928, 932 (8th Cir. 2007) (sentence within advisory Guidelines range is presumptively reasonable).

Accordingly, we affirm.

_____