# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1308

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Selvin Rene Hernandez-Florez, | * | Northern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: August 1, 2008
Filed: August 7, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Selvin Rene Hernandez-Florez appeals the 15-month prison sentence imposed by the district court[1] after he pleaded guilty to an immigration charge, in violation of 8 U.S.C. § 1326(a). Hernandez-Florez's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and moves to withdraw. For reversal, he argues that the court abused its discretion by departing upward pursuant to U.S.S.G. § 4A1.3. Reviewing the district court's application of the Guidelines de novo, and the court's ultimate sentence for reasonableness under an abuse-of-discretion standard, see United

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

States v. Akers, 476 F.3d 602, 605 (8th Cir.), cert. denied, 128 S. Ct. 101 (2007), we affirm.

Specifically, we see no basis in the record for concluding that the district court abused its discretion in departing under section 4A1.3 based on its finding that Hernandez-Florez's criminal history was substantially under-represented, and that he was likely to engage in further criminal conduct. See U.S.S.G. 4A1.3(a)(1), (2) (if reliable information indicates defendant's criminal history category substantially under-represents seriousness of criminal history or likelihood that defendant will commit other crimes, upward departure may be warranted; court may look to, among other things, prior sentence not used in computing criminal history and similar conduct not resulting in conviction).

According to undisputed facts in the presentence report (PSR), in addition to his prior convictions, which earned him only three criminal history points, Hernandez-Florez had had multiple encounters with police for gang-related and violent conduct, as well as public intoxication and possession of drugs, among other things. He also had a history of using aliases and false birth dates so that his true criminal history was not readily available to authorities, resulting in leniency. See United States v. Rouillard, 474 F.3d 551, 553 n.1 (8th Cir. 2007) (court may consider specific facts underlying arrests, and may accept as true any unobjected-to facts set forth in PSR); United States v. Schwalk, 412 F.3d 929, 933-34 (8th Cir. 2005) (court did not abuse discretion in considering defendant's history of relatively minor offenses that were not counted in his criminal history score in departing upward); United States v. Herr, 202 F.3d 1014, 1017 (8th Cir. 2000) (no abuse of discretion in departing upward under § 4A1.3 where defendant's repeated violations showed disrespect for law and that leniency had not been effective).

Upon reviewing the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find there are no other nonfrivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____