# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3489

_____

United States of America,

    Appellee,

  v.

Julio Garcia-Hernandez,

    Appellant.

    Appeal from the United States
    District Court for the
    Northern District of Iowa.

    [UNPUBLISHED]

_____

Submitted: September 2, 2009
Filed: September 8, 2009

_____

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Julio Garcia-Hernandez, who was found guilty by a jury on a drug-conspiracy count and a firearm count, challenges the reasonableness of the sentence the district court[1] imposed following this court's remand for resentencing, see United States v. Garcia-Hernandez, 530 F.3d 657, 664-66 (8th Cir. 2008) (affirming conviction, but holding that 2-level enhancement under U.S.S.G. § 3B1.1(c) was based on clearly erroneous finding and that greater enhancement was warranted). At Garcia-Hernandez's resentencing hearing, the

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

district court imposed a 3-level enhancement under U.S.S.G. § 3B1.1(b); recalculated the applicable Guidelines range; considered the factors under 18 U.S.C. § 3553(a); and imposed a below-Guidelines-range sentence that was greater than the sentence the court had originally imposed.

Upon careful review, we conclude—contrary to Garcia-Hernandez's arguments on appeal—that (1) the district court's resentencing decision was not improper under Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 595 (2007) (rejecting appellate rule that requires extraordinary circumstances to justify sentence outside Guidelines range and rejecting use of rigid mathematical formula based on percentages as standard for determining strength of justifications required for specific sentence), and (2) the district court did not mistakenly believe it was required on remand to impose a sentence greater than its original sentence. We thus hold that the district court did not abuse its discretion in resentencing Garcia-Hernandez. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (reasonableness of sentence reviewed for abuse of discretion; abuse of discretion occurs when sentencing court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing those factors); see also 18 U.S.C. § 3553(a)(4)(A) (among factors to be considered in imposing sentence is applicable Guidelines sentencing range).

Accordingly, we affirm.

_____