# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1293

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Dwayne Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 11, 2019
Filed: April 30, 2019
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Leonard Hill of being a felon in possession of ammunition, *see* 18 U.S.C. § 922(g)(1), he was sentenced to sixteen years in prison as an armed career criminal. At sentencing, he argued he was entitled to an adjustment in his Guidelines calculation for acceptance of responsibility. *See* USSG

§ 3E1.1. The district court[1] disagreed. Hill appealed his conviction to our court, and we affirmed. *See United States v. Hill*, 835 F.3d 796 (8th Cir. 2016). He did not raise the district court's denial of the acceptance-of-responsibility reduction as an issue on appeal.

After the Supreme Court struck down part of the Armed Career Criminal Act, *see Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), Hill moved to vacate his sentence, arguing, among other things, that he could no longer be considered an armed career criminal. The district court agreed. At his resentencing, Hill again asserted he was entitled to an acceptance-of-responsibility reduction. After questioning whether Hill could raise that issue at resentencing, the district court nonetheless concluded that Hill was still not entitled to the reduction. The court sentenced Hill to nine years in prison. He appeals, arguing the district court clearly erred in denying the reduction.

We give great deference to the court's denial of an acceptance-of-responsibility reduction since the issue is a factual one that depends largely on credibility assessments. *See United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005). We therefore review its determination for clear error. *Id.*; *see also* USSG § 3E1.1 app. n. 5. Hill bears the burden of clearly demonstrating he is entitled to the reduction. *See* USSG § 3E1.1(a).

We put aside two issues in this appeal—whether Hill may properly challenge the denial of an acceptance-of-responsibility reduction at a resentencing granted because of *Johnson*, and whether the district court's decision was harmless since his Guidelines range with or without the acceptance-of-responsibility reduction was above the statutory maximum sentence. We put these issues aside because, even if we

---

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

sided with Hill on them, he still has not shown the district court clearly erred in denying the sentencing reduction.

First of all, Hill withdrew his guilty plea and went to trial. Requiring the government to prove its case at trial is inconsistent with acceptance of responsibility. *United States v. Rivera*, 370 F.3d 730, 735 (8th Cir. 2004). Hill correctly maintains that, under the Guidelines, his proceeding to trial does not necessarily preclude him from receiving the reduction. *See* USSG § 3E1.1 app. n. 2. He argues he should receive the reduction because he conceded that he possessed the ammunition; he took the case to trial to challenge only whether the ammunition had the requisite connection to interstate commerce to give the federal court jurisdiction, which is an issue over which he lacks personal knowledge.

But the district court still had ample reason to deny the reduction. In determining whether to grant an acceptance-of-responsibility reduction, the Guidelines suggest that courts consider whether a defendant falsely denies the relevant conduct surrounding his offense because one who does so acts inconsistent with acceptance of responsibility. *See* USSG § 3E1.1 app. n. 1(A). Hill has consistently denied carrying a gun despite overwhelming video and witness evidence that he did. His attorney even conceded at trial that had Hill been charged with possessing a firearm, the jury should convict him. Nevertheless Hill has persisted in arguing that he didn't possess a firearm. Though we have not found in the record a clear finding by the district court that Hill possessed a gun on the night in question, we have no trouble concluding on this record that a finding to the contrary would be clearly erroneous.

Additionally, while awaiting trial, Hill violently assaulted an inmate in the jail where we was housed, which led to Hill being convicted of a felony. The Guidelines note that the "voluntary termination or withdrawal from criminal conduct" is an important consideration in these cases. *See* USSG § 3E1.1 app. n. 1(B). "Continued

-3-

criminal conduct, even if minor and unrelated to the offense of conviction, can make a sentence reduction for acceptance of responsibility inappropriate." *United States v. Jawad*, 852 F.3d 758, 763 (8th Cir. 2017).

And finally, the record does not reveal other markers of acceptance of responsibility. Hill did not voluntarily surrender to authorities after committing his offense or assist authorities in recovering fruits of his crime. *See* USSG § 3E1.1 app. n. 1(D)–(E). And though he has admitted possessing the ammunition, the record shows he has also minimized his conduct by blaming other people as well as alcohol and marijuana. These actions don't reflect acceptance of responsibility. *See United States v. Zeaiter*, 891 F.3d 1114, 1123 (8th Cir. 2018).

Affirmed.

_____